UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | 20 Cr. 213 (MKV) |
| NAZEEM FRANCIS,<br>  a/k/a "Naz,"<br>JONATHAN COLON,<br>  a/k/a "Johnny Blaze,"<br>  a/k/a "JB,"<br>JULIO OZUNA,<br>  a/k/a "JJ,"<br>  a/k/a "Josh Balla,"<br>  a/k/a "Chocolate,"<br>PRINCE GAINES,<br>  a/k/a "Poodie,"<br>ERICK OLEAGA,<br>  a/k/a "ED,"<br>KHALIL SUGGS,<br>  a/k/a "KI," and<br>VICTOR MARTINEZ,<br>  a/k/a "Vic,"<br><br>                    *Defendants*. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 5/18/2020 |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii)

would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.  Further, disclosure material may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various cell phones and social media accounts.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that (a) identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein; or (b) reflects personal identification information (including but not limited to addresses, phone numbers, social security numbers, dates of birth, and/or account numbers) and other highly personal information, such as medical records. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

5. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of any seized ESI that may contain disclosure material.  The

defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

      6. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

      7. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

      (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

      (b) Prospective witnesses for purposes of defending this action.

      8. Sensitive Disclosure Material may be disclosed by counsel to defendants and to personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible; and shall not be copied or otherwise recorded by the defendants. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

   GEOFFREY S. BERMAN
   United States Attorney

by:   /s/ Allison Nichols                        Date:   April 30, 2020
   Allison Nichols / Jamie Bagliebter
   Assistant United States Attorneys

*Bobbi C. Sternheim*                          Date:  4/28/2020
Defense Counsel
Counsel for Nazeem Francis

                                           Date:                  
Mark DeMarco
Counsel for Jonathan Colon

                                           Date:                  
Katherine Goldstein
Counsel for Julio Ozuna

                                           Date:                  
David Bertan
Counsel for Prince Gaines

                                           Date:                  
Sabrina Shroff
Counsel for Erick Oleaga

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

   GEOFFREY S. BERMAN
   United States Attorney

by: _____      Date: _____
   Allison Nichols / Jamie Bagliebter
   Assistant United States Attorneys


_____      Date: _____
Defense Counsel
Counsel for Nazeem Francis


*Mark S. DeMarco*      Date: March 26, 2020
Mark DeMarco
Counsel for Jonathan Colon


_____      Date: _____
Katherine Goldstein
Counsel for Julio Ozuna


_____      Date: _____
David Bertan
Counsel for Prince Gaines


_____      Date: _____
Sabrina Shroff
Counsel for Erick Oleaga

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____     Date: _____
    Allison Nichols / Jamie Bagliebter
    Assistant United States Attorneys


_____     Date: _____
Defense Counsel
Counsel for Nazeem Francis


_____     Date: _____
Mark DeMarco
Counsel for Jonathan Colon


*[signed] Katherine Goldstein /KP*     Date: 3/31/2020
Katherine Goldstein
Counsel for Julio Ozuna


_____     Date: _____
David Bertan
Counsel for Prince Gaines


_____     Date: _____
Sabrina Shroff
Counsel for Erick Oleaga

5

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _____     Date: _____
    Allison Nichols / Jamie Bagliebter
    Assistant United States Attorneys


_____     Date: _____
Defense Counsel
Counsel for Nazeem Francis


_____     Date: _____
Mark DeMarco
Counsel for Jonathan Colon


_____     Date: _____
Katherine Goldstein
Counsel for Julio Ozuna


_____     Date: 3/27/2020
David Bertan
Counsel for Prince Gaines


_____     Date: _____
Sabrina Shroff
Counsel for Erick Oleaga

5

_Christopher Conniff / AC_  Date: 4/2/2020
_____
Christopher Conniff
Counsel for Khalil Suggs


_____  Date: _____
Christine Delince
Counsel for Victor Martinez



SO ORDERED:

Dated: New York, New York
       April ___, 2020

                                        _____
                                        THE HONORABLE MARY KAY VYSKOCIL
                                        UNITED STATES DISTRICT JUDGE

6

Date: _____

_____
Christopher Conniff
Counsel for Khalil Suggs

*[signature]*

Date: 3/30/2020

Christine Delince
Counsel for Victor Martinez

SO ORDERED:

Dated: New York, New York
       April \_\_, 2020

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

6

_____  Date: _____
Christopher Conniff
Counsel for Khalil Suggs

_____  Date: _____
Christine Delince
Counsel for Victor Martinez

SO ORDERED:

Dated: New York, New York
       May 18, 2020

*Mary Kay Vyskocil* (signature)
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE